# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0684V
Filed: October 27, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ROBERT NOLOP, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza (Flu) Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | (SIRVA); Special Processing Unit |
| AND HUMAN SERVICES, | * | (SPU) |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

<u>Mark Paul Schloegel</u>, Popham Law Firm, Kansas City, MO, for petitioner.
<u>Claudia Barnes Gangi</u>, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

On June 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine he received on October 24, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 28, 2015, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation. On October 26, 2015, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $86,885.92. Proffer at 3. In the Proffer, respondent represents that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards:

**a lump sum payment of $86,885.92**, **in the form of a check payable to petitioner, Robert Nolop,** representing compensation for pain and suffering ($85,000.00), and past unreimbursable expenses ($1,885.92). This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ROBERT NOLOP, ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) | No. 15-684V Chief Special Master Dorsey ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 30, 2015, Robert Nolop ("petitioner") filed a petition for compensation under the Vaccine Act. Petitioner alleges that he received an influenza vaccine in his left arm on October 24, 2012, and subsequently suffered from a shoulder injury related to vaccine administration ("SIRVA") secondary to the vaccination. Petition at 1. The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report, conceding that petitioner suffered SIRVA, and recommending that the Court award petitioner compensation. On September 28, 2015, the Chief Special Master issued an Entitlement Decision and a Damages Order. Respondent hereby submits the following proffer regarding the award of compensation.

### I. Items of Compensation

#### A. Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

1

B.  Lost Earnings

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that the Court should award Robert Nolop a lump sum of $85,000.00 for his actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See § 300aa-15(a)(4).  Petitioner agrees.

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Robert Nolop's expenditure of past unreimubursable expenses as a result of his vaccine-related injury.  Respondent proffers that the Court should award Robert Nolop a lump sum of $1,885.92 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

E.  Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to his vaccine-related injury.

**II.  Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $86,885.92,

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

representing compensation for pain and suffering ($85,000.00), and past unreimbursable expenses ($1,885.92), in the form of a check payable to petitioner, Robert Nolop.

### III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner: **$86,885.92**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division


VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4138

Date: October 26, 2015